UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 17-20668

D-5 KOURVOISIEA PITTMAN,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELIEF**

Defendant Kourvoisiea Pittman pleaded guilty to Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. (ECF No. 171.) The court sentenced him to 180 months to be served consecutively to the undischarged terms of his state sentences. (ECF No. 233.) His projected release date is December 20, 2030.

Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 391.) The Government opposes the motion. (ECF No. 394.) Having reviewed the record, the court finds a hearing to be unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will deny Defendant's motion.

**I. STANDARD**

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, there must be "extraordinary and compelling reasons warrant[ing] [] a reduction [of sentence]." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C.

§ 3553(a) must weigh in favor of a sentence reduction. *Id.* Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release himself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and the § 3553(a)'s sentencing factors must weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction ... is warranted" under § 3553(a)).

## II. DISCUSSION

Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

Defendant claims that the Coronavirus Disease ("COVID-19") constitutes "extraordinary and compelling circumstances." (*See* ECF No. 391, PageID.3610-11, 3621-22.) However, the Sixth Circuit has been clear that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a

2

sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (same); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (noting that "absent extenuating circumstances not present here, ... the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an " 'extraordinary and compelling reason' justifying a sentencing reduction") (citations omitted); *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (rejecting the prisoner's "argument that an elevated risk of COVID-19 can still meet the 'extraordinary and compelling' requirement of § 3582(c)(1)(A)(i) despite the widespread availability of the vaccine"); *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated") (quotations omitted). Federal courts "have routinely held that extraordinary and compelling circumstances are lacking and a compassionate release is not warranted based on the threat of Covid-19 alone when a vaccine is available." *United States v. Browder*, No. 13-20917, 2022 WL 2898632, at *2 (E.D. Mich. July 21, 2022) (citing cases); *United States v. Washington*, No. 17-20683, 2022 WL 2678518, at *3 (E.D. Mich. July 11, 2022) (same); *see e.g., United States v. Smith*, No. 10-CR-20566, 2022 WL 3230423, at *2 (E.D. Mich. Aug. 10, 2022); *United States v. Stewart,* No. 17-CR-20756, 2022 WL 3145951, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Bates,* No. 16-CR-20280, 2022 WL 3137415, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022). The court and the

Sixth Circuit have held that a defendant's medical conditions amid the COVID-19 pandemic, with him unjustifiably declining vaccination, do not present extraordinary and compelling reasons warranting compassionate release. *United States v. Brownlee*, No. 21-2591, 2022 WL 35404, at *1 (6th Cir. Jan. 4, 2022). Defendant's situation here is no different.

Defendant has not alleged any health conditions or unique vulnerabilities that warrant his release. As to his fleeting reference to the susceptibility to COVID-19 because of his race, this argument has been universally rejected. *United States v. Lamar*, No. 18-20183, 2020 WL 7319431, at *3 (E.D. Mich. Dec. 10, 2020) (Lawson, J.) ("The CDC does not consider age or race to be factors that definitively increase one's risk of severe complications from COVID-19 related illness."); *United States v. Coleman*, No. 15-20624, 2022 WL 1026542, at *2 (E.D. Mich. Apr. 6, 2022) (Goldsmith, J.) ("[R]ace itself does not increase an individual's likelihood of severe illness from COVID-19.") (citation omitted); *United States v. Myers*, No. 18-20633, 2020 WL 4934343, at *3 (E.D. Mich. Aug. 24, 2020) (Lawson, J.) ("As other courts have recognized, the fact of an inmate's race itself does not constitute a risk factor for COVID-19 in the same way, as, for instance, an underlying medical condition does.") (citing cases). And, to the extent Defendant has issues with the generally applicable prison conditions and restrictions caused by the pandemic, he has provided no explanation why they amount to extraordinary and compelling basis in his specific situation. *United States v. Reese*, No. 16-20697, 2022 WL 737501, at *2 (E.D. Mich. Mar. 10, 2022) (Steeh, J.) (rejecting a defendant's allegation that his release is warranted "because of general prison conditions and restrictions caused by the pandemic," when "[h]e has not articulated why

4

living conditions generally applicable to all prisoners at his facility, such as lockdowns and delayed mail, constitute an extraordinary and compelling basis for his release") (citing cases).

Finally, Defendant's age, brain development, and race – facts known at sentencing – do not present an extraordinary and compelling basis. *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021) (holding that defendant's age when he committed the underlying crime was not an extraordinary and compelling reason); *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021) (same). "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed as sentencing and repackaging them as 'extraordinary and compelling.'" *Hunter*, 12 F.4th at 569.

### III. CONCLUSION

Extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a modification of his sentence. Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 391) is DENIED.

s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\17-20668.PITTMAN.CompassionateRelease.NH.docx